UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAREN J. JONES, et al.

        Plaintiffs,

   v.                                 Case No. 15-C-720

UNITED STATES OF AMERICA,

        Defendant.

## ORDER DENYING MOTION TO DISMISS

According to the complaint, in 2012 the Plaintiff accompanied her husband to a Veterans Affairs outpatient clinic. During the visit, she sat down at a table to work on a jigsaw puzzle. When she stood up to reach for a puzzle piece, the chair rolled away from her, such that it was no longer in a position to support her when she attempted to sit down again. This caused her to fall and sustain significant injuries. She alleges negligence on the part of the Defendant, the United States.

The United States has moved to dismiss, arguing that any danger inherent in the chair was readily apparent to a reasonable person. In other words, any reasonable person would have understood that the chair could move—that is the entire point, of course—and would have taken measures either to prevent the chair's movement or to ensure that the chair was secure underneath her before attempting to sit down.

The case is only at the pleadings stage, however, meaning that the allegations of the complaint are taken as true and, just as importantly, factual matters *not* contained in the complaint are *not* assumed to be true—particularly if they are favorable to the moving party. Although it is

likely that many, or even most, wheeled chairs would present themselves in such a way so as to alert users of possible dangers, the complaint does not provide any information about the chair in question. Similarly, the complaint does not contain details about the chair that could, if resolved in the Plaintiff's favor, allow a jury to find a heightened duty to warn, or some other kind of negligence. For example, the chair's wheels could have been over-lubricated, causing the chair to move more than a reasonable person would have expected. Or, the floor could have had a slope to it, causing the same effect and rendering the use of a wheeled chair unusually dangerous. Or the chair could simply have been defective in some other way. We do not know.

The point is that even if the United States' legal defense were valid in the abstract—i.e., that wheeled chairs generally present risks known to reasonable people—it cannot be ruled out that there were particular facts in this case that could have caused injury even in a reasonable user of the chair. The cases the United States relies on prove the point. In *Ford v. Bank of Am. Corp.,* for example, a woman slipped and fell when a chair in a bank rolled away from her. The case was dismissed at the summary judgment stage—not the pleadings stage—after the Plaintiff failed to provide any evidence of a defect: "Although the bank pointed out in its motion for summary judgment the lack of evidence on this point, Ford did not submit competent evidence that the chair was defective or hazardous. She proffered no expert testimony that the chair was hazardous, nor did she point to any rule or regulation allegedly violated by the chair, but simply testified that the chair was defective because it slid out from under her." 277 Ga. App. 708, 709-10, 627 S.E.2d 376, 378 (2006). The same thing happened in *Granison v. Builders Square, Inc.,* where the case was dismissed at summary judgment after the Plaintiff failed to provide any evidence. 266 A.D.2d 922, 923, 697 N.Y.S.2d 800 (1999) ("Defendant met its initial burden of establishing that neither the chair nor the

manner of its placement amounted to a dangerous or defective condition, and plaintiffs failed to raise an issue of fact.") The point is that neither case stands for the proposition that *all* uses wheeled chairs are non-negligent; instead, although the plaintiffs lost, the courts at least entertained the possibility that facts could have been developed to support their claims.

No doubt the Plaintiff's case will be difficult to prove, since the use of wheeled chairs is commonplace and does not normally present a significant level of danger. But that is a factual question that cannot be resolved through a motion to dismiss. Accordingly, the motion is **DENIED**.

**SO ORDERED** this 5th day of October, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court