UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAREN JONES, et al.,

        Plaintiffs,

v.                                          Case No. 15-C-720

UNITED STATES OF AMERICA,

        Defendant.

**DECISION AND ORDER**

In this action Plaintiff Karen Jones alleges that the Department of Veterans Affairs was negligent when it allowed a rolling chair to be present in the carpeted waiting room of a clinic it operated in Appleton, Wisconsin. This court denied the Defendants' motion to dismiss because it was conceivable some facts could emerge that would allow a factfinder to find negligence. The Defendants have now moved for summary judgment, arguing that discovery has produced no facts from which negligence could reasonably be inferred. For the reasons given below, the motion will be granted.

**I. Background**

The parties have stipulated to all of the material facts. The Plaintiff accompanied her husband to a medical appointment at the clinic in question. In the waiting room, there was a table with an unfinished puzzle and at least two chairs around it. One chair had wheels, while the other did not. The rolling chair was not one of the chairs normally present in the waiting room. Instead, it had apparently been moved into the waiting room from a nearby conference room, either by a

clinic employee or a member of the public. The waiting room floor was carpeted with standard office-style carpeting. The Plaintiff sat down on the rolling chair. According to her, she did not notice that it had wheels, but there was nothing preventing her from noticing that fact. She recalls that the chair was positioned so that she did not have to move it at all prior to sitting down. She began working at the puzzle until, needing to reach a piece, she stood up. When she went to sit back down, however, the chair was no longer positioned underneath her. She fell and hit her tail bone and elbows on the floor.

**II. Analysis**

Under Fed.R.Civ.P. 56(a), a party is entitled to summary judgment if it can show there is no genuine dispute regarding material facts and that it is entitled to judgment as a matter of law. *Carroll v. Lynch,* 698 F.3d 561, 564 (7th Cir. 2012). To establish a negligence claim, a plaintiff must prove: (1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. *Miller v. Wal–Mart Stores, Inc.,* 219 Wis.2d 250, 260, 580 N.W.2d 233 (1998).

The focus in this case is on the duty of care owed by the clinic to the Plaintiff. The Plaintiff states that she had worked on a number of puzzles at various VA clinics over the years, but had never sat on a chair with wheels before. She did not notice that the chair in question had wheels, and had no reason to believe it did have wheels since she had never sat in a rolling chair in a VA clinic before. Much of the Plaintiff's argument rests on the premise that wheeled chairs are inappropriate for clinic waiting rooms because many clinic visitors have ambulatory problems. According to Shirley Probst, a former nurse at the clinic, wheeled chairs can pose a hazard because

many of the clinic visitors are elderly and / or have trouble with walking and balance. Thus, the Plaintiff argues that the clinic breached its general duty to the public at-large by having hazardous chairs in its waiting room.

The government argues that, in allowing a rolling chair to be present in the waiting room, it did not create an unreasonable risk of harm to the Plaintiff or anyone else. The Plaintiff has conceded that the chair in question is a standard office-style chair without any defects. The floor was level and carpeted, making it unlikely that a chair with wheels would roll very much without being pushed. Moreover, chairs with wheels are not some sort of novelty—millions of such chairs are found in homes and offices around the world. The government also argues that even if such chairs might conceivably be unsuitable for those with ambulatory issues, the Plaintiff herself was not handicapped in any way, and so it is largely irrelevant that the chairs could have been dangerous for other visitors to the clinic.

The Plaintiff does not argue that rolling chairs are inherently dangerous, or even that they were dangerous to herself in particular. Instead, she asserts that such chairs could be dangerous to *some* people, and thus a rolling chair was inappropriate for use in a clinic waiting room. As Nurse Probst testified, such chairs pose a "slip, trip and fall hazard" (ECF No. 41-3 at 18:3) because a wheeled chair "could roll back or move when somebody was getting into it, especially if they were using an ambulatory aid." (*Id.* at 18:11-13.)

The extent of the United States' liability under the FTCA is generally determined by reference to state law. *Molzof v. United States,* 502 U.S. 301, 305 (1992). In negligence cases, Wisconsin courts have long followed the minority view of duty set forth in the dissent of *Palsgraf v. Long Island Railroad.* In that dissent, Judge Andrews explained that "[e]veryone owes to the

3

world at large the duty of refraining from those acts that may unreasonably threaten the safety of others." 248 N.Y. 339, 162 N.E. 99, 103 (1928) (Andrews, J., dissenting). *See Alvarado v. Sersch,* 2003 WI 55, ¶ 13, 262 Wis. 2d 74, 81, 662 N.W.2d 350, 353 (Wis. 2003). "A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause *harm to someone*. A party is negligent when he commits an act when some harm to someone is foreseeable." *Schuster v. Altenberg,* 144 Wis.2d 223, 235, 424 N.W.2d 159, 164 (1988) (italics added).

In the Plaintiff's view, negligence is a question of fact that the court could resolve in her favor: because the safety of others ("harm to *someone*") was threatened by the wheeled chair (according to Nurse Probst), the clinic breached a duty to the Plaintiff, as a member of the "world at large," even though she herself did not have the ambulatory problems that allegedly made the chair hazardous in the first place. That is, if someone creates a hazardous condition, it does not matter that the condition was not hazardous to the particular plaintiff who was injured, or that the specific harm that ensued was not itself foreseeable. *Morgan v. Pennsylvania Gen. Ins. Co.,* 87 Wis.2d 723, 732, 275 N.W.2d 660, 665 (1979) ("The risk need not be to the particular plaintiff. The test [in Wisconsin] is whether unreasonable risk to the world at large is created by the conduct."); *A. E. Inv. Corp. v. Link Builders, Inc.,* 62 Wis. 2d 479, 486, 214 N.W.2d 764, 767 (1974) ("it is not necessary that either the person harmed or the type of harm that would result be foreseeable. The act or omission in the face of foreseeable harm was negligence.") Thus, the fact that the Plaintiff was not elderly or handicapped in some fashion does not mean the Defendant had no duty toward her. A factfinder could conclude that there was a foreseeable risk of harm to some individuals as a result of allowing wheeled chairs in a clinic frequented by elderly and handicapped individuals.

4

The Plaintiff is correct in her statement of the governing law, which does not require that the particular harm (or the particular plaintiff) be foreseeable so long as a dangerous condition was created. But the underlying question is whether it was foreseeable that allowing a rolling chair to be placed at a table in a carpeted waiting room could cause injury to someone. "Wisconsin law considers conduct to be negligent if it involves a foreseeable risk of harm to anyone." *Bowen v. Lumbermens Mut. Casualty Co.,* 183 Wis.2d 627, 644, 517 N.W.2d 432, 439 (1994). Was it foreseeable that the use of a rolling chair in a carpeted waiting room could cause injury to people with ambulatory problems, as Nurse Probst testified?

I conclude that Nurse Probst's subjective concerns about the hazards of using rolling chairs do not establish negligence here, or even create a genuine issue of material fact. It is likely true that the VA clinic is visited by a more infirm segment of the population than, say, a health club or beach resort; no doubt Nurse Probst is correct that some individuals who visit the clinic have trouble walking or standing. Even so, there are elderly and handicapped people everywhere in our society. They go to clinics, yes, but they also visit shopping malls, libraries, stores, and hair salons. There is nothing so unusual about a VA clinic that would make the use of such a common and benign product as a rolling chair inherently hazardous. The Plaintiff has cited no reason to believe it foreseeable that the placement of a standard-issue rolling chair in a carpeted room next to a table could have resulted in injury, even to a person with ambulatory issues. Nowhere did Nurse Probst explain how the use of an "ambulatory aid" (presumably a walker) could result in a wheeled chair simply rolling away from the individual while she was sitting down or standing up. Nurse Probst was a registered nurse in the psychiatric unit, not a safety expert. She cited no previous accidents with rolling chairs, nor did she cite any actual experience that could give rise to her view that such

5

chairs posed a hazard. As already noted, wheeled chairs are in homes and offices everywhere and yet nowhere are they considered hazardous, particularly if they are on a carpeted surface. Because rolling chairs are so ubiquitous in society, the clinic was entitled to expect that patients and visitors alike would understand that the chair was mobile and that some small modicum of extra care would be required with their use. As such, it was not foreseeable that injury would result.

In addition, any "danger" arising out of the fact that the chair had wheels was an obvious one. Even if not specifically perceived by this Plaintiff, there is no evidence that any reasonable visitor to the clinic would not have been able to discern that the chair in question had wheels. "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A (1965). It should go without saying that the obvious purpose of wheels is to enable mobility. Thus, in an Arizona case, the court granted summary judgment for the defendant nail salon after the plaintiff fell out of a rolling chair. There, the plaintiff was a 73-year-old woman described as "less than steady on her feet" due to her age and previous surgeries. *Castro v. J.K. House, Inc.,* No. 1 CA-CV 10-0467, 2011 WL 2176154, at *1 (Ariz. Ct. App. May 24, 2011). The floor of the salon was "hard, smooth, textured tile." *Id.* The court of appeals affirmed the trial court's finding of no negligence, concluding that the plaintiff had "failed to present any evidence demonstrating a triable issue of fact that the conditions at Total Concept on the day of the accident were not open and obvious to Mrs. Castro or that Total Concept should have anticipated a risk of harm to her despite the open and obvious nature of these conditions." *Id.* at *4. Similarly, in *Smith v. Marks Isaacs Co.,* 147 So. 118, 119 (La. Ct. App. 1933), the plaintiff alleged negligence

6

on the part of a beauty salon when it used a rolling chair "on a hard marble floor on which it could so easily roll." The court rejected that argument, concluding that "we cannot believe that such a chair if safe on a linoleum floor could be said to be unsafe just because of its use on a marble floor." *Id.* And in a New York case, the court of appeals reversed and found that the trial court should have granted summary judgment:

> neither the chair nor the manner of its placement amounted to a dangerous or defective condition, and plaintiffs failed to raise an issue of fact. Contrary to plaintiffs' contention, defendant had no duty to lock or otherwise fix the wheels of the chair to prevent it from moving; mobility is the very function of the wheels. There is no evidence in the record that the chair "constituted a hidden danger to plaintiff so as to require defendant [ ] to give her special notice or warning with respect to said object. * * * Furthermore, there is no duty to warn against a condition that can be readily observed by the use of one's senses"

*Granison v. Builders Square, Inc.,* 266 A.D.2d 922, 922, 697 N.Y.S.2d 800, 801 (1999) (citations omitted).

Similarly, a court in Ohio appears to have recognized that the law does not treat persons as helpless infants, but instead as individuals with a duty to exercise ordinary care for their own safety. In *Streets v. Chesrown Enterprises,* the court of appeals cited the "open and obvious" doctrine to preclude liability when a wheeled chair slipped out from a customer at a car dealership: "appellant's claim fails under the open and obvious doctrine. It is clear that even an invitee has a duty to exercise care for his or her own safety. . . . It is also clear that in this case, appellant did not exercise care for her own safety. Appellant simply failed to look at the legs of the chair, misjudged the location of the chair, and did not grab onto the chair as she went to sit down." *Streets v. Chesrown Enterprises, Inc.*, 2004 WL 235198, *3 (Ohio Ct. App. 2004.)

> Appellant points to no specific evidence that Chesrown was unreasonable in any way, that the chair at issue was defective in any way, that having chairs with wheels

7

> on a hard linoleum type floor is unreasonably dangerous, or that Chesrown had notice of any defective condition. There is no evidence that any customers or employees fell from that chair or any other chair within the showroom. Therefore, we find the legs of the chair were an open and obvious condition appellant could have discovered upon reasonable inspection.

*Id.* at *4.

In a Virginia case, a trial court overturned a jury verdict, recognizing the problem present here, which is that the Plaintiff simply has no idea what happened when she fell.

> In the case-at-bar, plaintiff failed to prove even "a probability of negligence." At most, she proved that she was directed to sit in a chair by an MCV employee in a position of authority, that the chair was on wheels, that it was on a linoleum floor, that it was designed to roll freely, that it had a relatively small back, that it had no arms, and that plaintiff was a relatively large woman. She did not prove how and why the accident happened. All she said was that the chair went out from under her when her buttocks contacted it. She did not say whether her buttocks made contact with the entire seat of the chair or whether, like the overwhelming majority of people have done at least once in their lives, she simply "missed" the seat.

Williams v. Com., 53 Va. Cir. 399, 2000 WL 1618010 (2000).

Also ruling as a matter of law, a federal district court in Mississippi rejected a claim that a chair was more dangerous because it was situated on a concrete floor, rather than on carpeting. "Plaintiff claims, however, that the removal of the carpet created a hazard because Piccadilly placed chairs with rollers on the bare concrete floor. Plaintiff has not offered any admissible evidence that a rolling chair on a concrete floor constitutes an unreasonable dangerous condition or hidden peril. Nor has plaintiff presented any other evidence that some other unreasonably dangerous condition existed which caused the chair to move from underneath her when she attempted to sit on it." *Chapman v. Piccadilly Restaurants, Inc.,* No. CIVA 305CV354 HTWLRA, 2007 WL 2872417, at *2-3 (S.D. Miss. Sept. 26, 2007). *Cf. Sims v. Graystone Ophthalmology Associates,* P.A., 234 N.C. App. 65, 70, 757 S.E.2d 925, 928 (2014) (jury question as to negligence after 86-year-old patient

8

at eye clinic was instructed to wheel her chair up to a table; court noted that "the issue is not solely whether the chair was a dangerous condition, but, as plaintiff alleged in her complaint, whether defendant was negligent in placing plaintiff on the rolling chair from which she fell.")

The cases cited above are all variations on the same theme. What emerges from this line of cases is that rolling chairs are not considered dangerous even when they are on smooth floors, and even when they involve less-than-steady plaintiffs. In addition, the courts cited above were ruling as a matter of law, either on summary judgment or in post-trial rulings. These courts have sensibly concluded that rolling chairs simply are not hazardous, and, to the extent they pose even a minuscule danger, that danger is an obvious one. I conclude that the Plaintiffs' assertions, articulated by Nurse Probst, at most are suggestive of "best practices"—the kinds of practices that might be followed in an ideal world. But the Defendant here was not under an obligation to exercise best practices; instead, it was under a duty to exercise reasonable care, i.e., to avoid being negligent. Simply using a run-of-the-mill rolling chair in a waiting room does not rise to the level of negligence.

Even if allowing a rolling chair was negligent on the clinic's part, I would conclude as a matter of law that the Plaintiff's negligence exceeded that of the Defendant; under Wis. Stat. § 895.045(1), her recovery would be barred.[1] As noted above, the Plaintiff has not alleged that there was anything unusual about the chair in question, and the floor was level and carpeted. Chairs—even ones with wheels—simply do not move of their own accord, even if they are on

---

[1] "Contributory negligence does not bar recovery in an action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if that negligence was not greater than the negligence of the person against whom recovery is sought . . ." Wis. Stat. § 895.045(1).

9

smooth surfaces. They must be pushed. Under the facts alleged here, the Plaintiff stood up to reach a puzzle piece, and then found that the chair was no longer underneath her when she went to sit down. The only reasonable conclusion is that the Plaintiff simply failed to exercise due care either to avoid pushing it backwards as she stood up, or to ensure that it was underneath her when she sat down. *Streets v. Chesrown Enterprises, Inc.*, 2004 WL 235198, *3 (Ohio Ct. App. 2004.) ("[A]ppellant did not exercise care for her own safety. Appellant simply failed to look at the legs of the chair, misjudged the location of the chair, and did not grab onto the chair as she went to sit down.") Accordingly, the Plaintiff's own contributory negligence would bar any recovery.

**III. Conclusion**

For the reasons given above, the Defendant's motion for summary judgment is **GRANTED** and the case is **DISMISSED**. The motion for leave to file a response is **GRANTED**.

**SO ORDERED** this 11th day of July, 2016.   /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court